ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 20 2012

at 4 o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

Of Counsel:
CHRISTOPHER A. DIAS          6265-0
Clifford Center
810 Richards Street, Suite 810
Honolulu, Hawaii 96813
Telephone No. (808) 524-4600
Email: chrisdias@hawaii.rr.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANAM ELYASSI, | ) | CIVIL NO. CV12 00356 BMK |
| | ) | |
| Plaintiff, | ) | COMPLAINT; SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| TRIPLER ARMY MEDICAL | ) | |
| CENTER; CHRISTOPHER KLEM, | ) | |
| M.D.; JARED MCKEAN THELER, | ) | |
| M.D.; JOHN DOES 1-10; JANE DOES | ) | |
| 1-10; DOE BUSINESS ENTITIES 1- | ) | |
| 10; DOE GOVERNMENTAL | ) | |
| ENTITIES 1-10; and DOE | ) | |
| DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Comes now Plaintiff Sanam Elyassi, by and through her undersigned

counsel, and for causes of action against Defendants above-named, alleges and

avers as follows:

**Parties**

1.    At all times material herein, Plaintiff has been a resident of the City and County of Honolulu, State of Hawaii.

2.    At all times material herein, Defendant United States of America ("Defendant United States") was a sovereign nation which has consented to be sued herein pursuant to 28 U.S.C. § 2674.

3.    At all times material herein, Defendant Tripler Army Medical Center ("Defendant TAMC") was a federal tertiary care hospital staffed, administered and operated the United States Department of Defense, an agency of Defendant United States.

4.    Upon information and belief, at all times material herein, Defendant Christopher Klem, M.D. ("Defendant Klem") was a resident of the City and County of Honolulu, State of Hawaii.  At all times material herein, Defendant Klem was a physician employed by Defendants TAMC and/or United States, and engaged in the acts and omissions alleged herein while acting within the course and scope of said employment.

5.    Upon information and belief, at all times material herein, Defendant Jared McKean Theler, M.D. ("Defendant Theler") was a resident of the City and

County of Honolulu, State of Hawaii.  At all times material herein, Defendant Theler was a physician employed by Defendants TAMC and/or United States, and engaged in the acts and omissions alleged herein while acting within the course and scope of said employment.

6.    JOHN DOES 1-10; JANE DOES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE DEFENDANTS 1-10 (collectively, "Doe Defendants") are sued herein under fictitious names for the reason that their true names and identities are unknown to the Plaintiff, except that they may be connected in some manner with Defendants and may be agents, servants, employees, employers, representatives, co-ventures, associates, or independent contractors of the Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries and damages to the Plaintiff and their true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or her attorney.  Plaintiff prays for leave of this Court to amend this Complaint once the true names, identities, capacities, activities, and/or responsibilities of said DOE DEFENDANTS are ascertained.

**Jurisdiction and Venue**

7.    Unless stated otherwise, all event described herein occurred in this

3

judicial district.

8.    Jurisdiction of this Court is invoked pursuant to 28 USC § 1331.

9.    This action is authorized and instituted pursuant to 28 USC §§ 2671-2680 of the Federal Tort Claims Act.

10.    One or more Defendants reside in this judicial district. All or a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.  Venue in this Court is accordingly appropriate under 28 USC § 1391(e).

## Conditions Precedent

11.    On or about July 22, 2011 Plaintiff filed a Government Tort Claim, "Standard Form 95," alleging the bases for the claim being asserted herein.

12.    To date, the responsible agency has not formally responded to the claim.  No administrative proceedings are currently ongoing.

13.    Accordingly, Plaintiff has exhausted her administrative remedies and now seeks damages pursuant to the Federal Tort Claims Act.

## Factual Allegations

14.    In January 2009 the Plaintiff visited Defendant TAMC's Department of Otolaryngology with complaints of pain to her left tonsils and left ear. Following examination, Plaintiff was diagnosed with left tonsillar hypertrophy and

4

tonsillar calculus.  A tonsillectomy procedure was scheduled to be performed at
Defendant TAMC on August 6, 2009.

15.    As part of the pre-operative work-up for the tonsillectomy, the
Plaintiff underwent a CT scan on July 30, 2009.  The July 30, 2009 CT scan
revealed a large left parapharyngeal mass.  An MRI performed on August 5, 2009
revealed a mass in the carotid space consistent with paraganglioma or
schwannoma.  Differential diagnoses also included a neurofibroma, meningioma
and lymph node hyperplasia.

16.    Notwithstanding the findings and differential diagnoses based on the
July 30, 2009 and August 5, 2009 radiographic studies, on August 6, 2009
Defendants Klem and Theler made a diagnosis of carotid body tumor, and advised
the Plaintiff that immediate surgical excision of the mass was required.

17.    On August 27, 2009 and September 8, 2009 the Plaintiff underwent
pre-operative angiograms.  After the September 8, 2009 angiogram, on the eve of
the surgery the following day, Defendant Klem changed the primary diagnosis
from carotid body tumor to schwannoma, but did not inform the Plaintiff of this
material change in primary diagnosis.

18.    The surgery was performed on September 9, 2009.  Minutes before
anesthetic induction, the Plaintiff was presented with a consent form she was

5

asked to sign.  The contents of the form permitted the administration of anesthesia, surgical removal of a carotid body tumor, and vessel repair secondary to removal of the carotid body tumor.  The consent form did not discuss or authorize removal of a nerve or nerve sheath tumor, or the severing of any nerve.

19.   During the September 9, 2009 surgery, Defendants Klem and Theler found that the mass was emanating and attached to the likely vagus nerve, and concluded that the mass was likely a schwannoma.

20.   Despite not having consent to do so, and without other valid medical justification, Defendants Klem and Theler severed and removed a segment of the Plaintiff's vagus nerve as part of their removal of the tumor.

21.   Post-operatively, the Plaintiff experienced difficulty swallowing and speaking, secondary to vocal cord paralysis.

22.   By September 15, 2009, neither Defendant Klem, Defendant Theler, nor anyone else, had informed the Plaintiff that the tumor encountered during surgery was a schwannoma instead of a carotid body tumor, or that her vagus nerve had been severed.  That same day, the Plaintiff related to Defendant Theler that she was experiencing numbness to the left side of her face and throat.  It was during his response to the Plaintiff regarding these complaints of numbness that Dr. Theler first informed the Plaintiff that her vagus nerve had been cut.  Also that

same day, a second surgery was performed, which consisted of an injection laryngoplasty of the left vocal cord, but was unsuccessful.

23.   In the months following the September 9, 2009 surgery, the Plaintiff had a weak, hoarse voice.  She had to feed through a nasogastric feeding tube. She had difficulty swallowing and managing saliva, so had to use an electric-powered suction to prevent aspiration.

24.   The Plaintiff now suffers from dysphagia and dysphonia secondary to her paralyzed left vagus nerve.  The symptoms of these conditions include but are not limited to difficulty speaking, swallowing, digestion irregularities, and tachycardia.  Adequate treatment for these conditions is unavailable at Defendant TAMC, so the Plaintiff has had to travel to California for treatment, which Tricare has refused to pay for.  According to her health care providers, the Plaintiff will likely have to undergo multiple expensive medical procedures in the future in order to treat her post-operative condition.

## Count I: Negligence

25.   Plaintiff incorporates by reference and realleges as if set forth completely herein the allegations contained in paragraphs 1-24 above.

26.   Defendants Klem and Theler owed the Plaintiff duties of reasonable care.

7

27.    Defendants Klem and Theler breached said duties, and deviated from the applicable standards of care by, inter alia:

      a.    Failing to timely, fully and accurately diagnose the Plaintiff's tumor;

      b.    Failing to adequately inform Plaintiff of the full and accurate diagnosis of her tumor;

      c.    Failing to consult with a neurosurgeon intraoperatively upon discovering that the mass was a schwannoma instead of a carotid body tumor;

      d.    Proceeding with the September 9, 2009 surgery upon discovering that the mass was a schwannoma;

      e.    Unnecessarily severing the Plaintiff's vagus nerve;

      f.    Failing to adequately inform the Plaintiff post-operatively of the change in diagnosis, that her vagus nerve had been sacrificed, or the expected consequences of the loss of vagus nerve function; and

      g.    In other ways.

28.    As a direct and proximate result of the aforementioned negligence and fault of Defendants Klem and Theler, the Plaintiff has suffered injuries and

damages which include but are not limited to extreme conscious pain and

suffering, permanent and disabling hoarseness, aspiration, dysphagia, dysphonia,

digestive problems, medical and related expenses, lost and/or diminished

enjoyment of life, lost earnings, lost and/or diminished employment capacity, and

severe emotional distress.

### Count II: Informed Consent

29.   Plaintiff incorporates by reference and realleges as if set forth

completely herein the allegations contained in paragraphs 1-28 above.

30.   Defendants Klem, Theler and TAMC owed to the Plaintiff a duty to

furnish her with and obtain her informed consent to all treatment rendered to her

by the Defendants.

31.   Defendants Klem, Theler and TAMC breached their duties to provide

informed consent and obtain the Plaintiff's informed consent by, inter alia:

      a.     Failing to adequately and accurately inform Plaintiff of the full

and accurate diagnosis of her tumor before surgery;

      b.     Failing to adequately inform the Plaintiff of the nature of the

September 9, 2009 surgery;

      c.     Failing to adequately inform the Plaintiff concerning the

predicted, predictable, or reasonably possible complications of

the September 9, 2009 surgery;

d.    Failing to obtain the Plaintiff's informed consent to treat a nerve sheath tumor;

e.    Failing to obtain the Plaintiff's informed consent to sever her vagus nerve;

f.    Failing to adequately inform the Plaintiff post-operatively of the change in diagnosis, that her vagus nerve had been sacrificed, or the expected consequences of the loss of vagus nerve function; and

g.    In other ways.

32.    As a direct and proximate result of Defendants Klem, Theler and TAMC's failure to provide informed consent and obtain the Plaintiff's informed consent, Plaintiff has suffered the injuries and damages alleged herein.

### Count III: Respondeat Superior

33.    Plaintiff incorporates by reference and realleges as if set forth completely herein the allegations contained in paragraphs 1-32.

34.    At all material times, Defendants Klem and Theler were employees of Defendants TAMC and United States, and committed all acts and omissions described herein within the course and scope of said employment.

35.    Defendants TAMC and United States are accordingly liable for the negligence and fault of Defendants Klem and Theler under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly and severally, as follows:

A.    For general damages in an amount to be proved at trial;

B.    For special damages in a sum according to proof;

C.    For reasonable attorney's fees and costs of suit pursuant to the Federal Tort Claims Act and other applicable law; and

D.    For such other and further relief as the court deems just and proper.

DATED: Honolulu, Hawaii, June 20 , 2012.


_____
CHRISTOPHER A. DIAS
Attorney for Plaintiff

11