FLORENCE T. NAKAKUNI  2286
United States Attorney
District of Hawaii

HARRY YEE  3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email:  Harry.Yee@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SANAM ELYASSI,<br><br>                Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA;<br>TRIPLER ARMY MEDICAL CENTER;<br>CHRISTOPHER KLEM, M.D.; JARED<br>MCKEAN THELER, M.D.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>BUSINESS ENTITIES 1-10; DOE<br>GOVERNMENTAL ENTITIES 1-10;<br>and DOE DEFENDANTS 1-10,<br><br>                Defendants. | CIVIL NO. 12-00356 BMK<br><br>DEFENDANT UNITED STATES OF<br>AMERICA; TRIPLER ARMY MEDICAL<br>CENTER; CHRISTOPHER KLEM,<br>M.D.; AND JARED MCKEAN<br>THELER, M.D.'S ANSWER TO<br>COMPLAINT; CERTIFICATE OF<br>SERVICE |

**DEFENDANT UNITED STATES OF AMERICA; TRIPLER ARMY
MEDICAL CENTER; CHRISTOPHER KLEM, M.D.; AND JARED
MCKEAN THELER, M.D.'S ANSWER TO COMPLAINT**

Comes now the Defendants UNITED STATES OF AMERICA; TRIPLER

ARMY MEDICAL CENTER; CHRISTOPHER KLEM, M.D.; and JARED MCKEAN

THELER, M.D. (herein collectively referred to as "the United

States"), by and through their attorneys Florence T. Nakakuni,

United States Attorney and Harry Yee, Assistant United States Attorney, and for its answer to Plaintiffs' Complaint filed herein on June 20, 2012, alleges and avers as follows:

1.   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, therefore, Defendant denies the allegations contained therein.

2.   The United States admits the allegations in paragraphs 2-4.

3.   The United States denies the allegations in paragraph 5.

4.   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, therefore, the United States denies the allegations contained therein.

5.   The United States admits the allegations in paragraph 7.

6.   The allegations in paragraphs 8-10 are jurisdictional to which no response is required.   To the extent a response is required, the United States denies the allegations contained therein.

7.   The United States admits the allegations in paragraph 11.

8.   The United States denies the allegations in paragraph 12.

9.   The United States admits the allegations in paragraph 13.

10.  As to paragraph 14, the United States admits Plaintiff visited TAMC's Dept of Otolaryngology on 6 Jan 2009 and her complaints included left tonsillar pain and left ear pain. The United States admits Plaintiff's diagnosis was tonsil enlargement asymmetrically left to right and tonsillar calculus. The United States denies a tonsillectomy was scheduled to be performed on August 6, 2009.

11.  As to paragraph 15, the United States admits Plaintiff had a CT scan on July 30, 2009 but denies the CT scan was part of a pre-operative work-up for tonsillectomy. The United States admits the radiologist's reading of the July 30, 2009 CT scan included a large left pharyngeal mass. The United States admits the radiologist's reading of the August 5, 2009 MRI included a large circumscribed ring enhancing heterogenous mass in the left carotid space, which extended to the skull base without invasion. The United States further admits the radiologist's reading of the August 5, 2009 MRI stated these imaging characteristics are most consistent with a paraganglioma or schwannoma. The United States further admits the radiologist's reading of the August 5, 2009 MRI stated the differential includes, although less likely, neurofibroma, meningioma, and lymph node hyperplasia.

12.  The United States denies the allegations in paragraph 16.

13.  As to paragraph 17, The United States admits on August 27, 2009 Plaintiff underwent an angiogram and on September 8, 2009 underwent an angiogram embolization. The remaining allegations of Paragraph 17 are denied.

14.  As to paragraph 18, The United States admits Plaintiff underwent surgery on September 9, 2009. The United States admits Plaintiff was provided a form documenting her informed consent to the surgical procedure. The United States denies the informed consent form was provided Plaintiff "minutes before anesthetic induction." The United States admits the informed consent document said "Make incision in neck and remove tumor through neck. A cut in the jaw may be necessary in order to gain access to the tumor. During surgery large vessels may need repair and a vein in the leg could be used for such repair. Risks include bleeding, hematoma, infection, stroke, nerve injury to cause swallowing, speech, tongue movement problems and facial muscle weakness, life-threatening events, and anesthesia." The United States denies the consent form did not discuss or authorize removal of a nerve or nerve sheath tumor, or the severing of any nerve. The remaining allegations of Paragraph 18 are denied.

15.  The United States admits the allegations in paragraph 19.

16.  The United States denies the allegations in paragraph 20.

17.  The United States admits the allegations in paragraph 21.

18.  As to paragraph 22, the United States admits plaintiff had an injection to the vocal cord on September 15, 2009.  The remaining allegations of Paragraph 22 are denied.

19.  The United States admits the allegations in paragraph 23.

20.  As to paragraph 24, the United States admits Plaintiff experienced dysphagia and dysphonia in the postoperative period, but is without sufficient information whether or not these symptoms persist now so as to admit or deny, and therefore denies same.  The United States admits the symptoms of dysphagia and dysphonia include difficulty speaking, swallowing, and digestion irregularities, but deny that tachycardia is a symptom of dysphagia and dysphonia.  The United States denies that adequate treatment for these conditions is unavailable at Tripler Army Medical Center. The United States admits upon information and belief that Plaintiff has traveled to California for treatment.  The United States is without sufficient information to admit or deny whether or not TRICARE has refused to pay for treatment, and therefore denies same.  The United States denies the remaining allegations of Paragraph 24.

21.  As to paragraph 25, The United States realleges and affirms all previous responses.

22.  The United States admits the allegations in paragraph 26.

23.   The United States denies the allegations in paragraphs 27-28.

24.   As to paragraph 29, The United States realleges and affirms all previous responses.

25.   The United States admits the allegations in paragraph 30.

26.   The United States denies the allegations in paragraphs 31-32.

27.   As to paragraph 33, The United States realleges and affirms all previous responses.

28.   As to paragraph 34, The United States admits that Defendants Klem and Theler were active duty members of the US Army Medical Corps and acted within the course and scope of said employment.   The United States expressly denies any and all allegations of negligence.

29.   The United States denies the allegations in paragraph 35.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Actions alleged did not result from negligence of a government employee.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' damages and injuries, if any, were sustained without any negligence or fault or want of care on the part of the Defendant.

## THIRD AFFIRMATIVE DEFENSE

All acts and actions of the Defendant, its agents or employees, acting within the scope of their employment with regard to the Plaintiffs were in compliance with the appropriate standards of care then and there in force and effect.

## FOURTH AFFIRMATIVE DEFENSE

The United States asserts that, at the times and places alleged in the Complaint, Plaintiffs and/or a third party were guilty of negligence, which negligence proximately caused or contributed to the damages which Plaintiffs had claimed and which bars or reduces recovery of such damages, if any, in proportion thereto.

## FIFTH AFFIRMATIVE DEFENSE

The United States asserts that any damages demanded by Plaintiffs shall be reduced by the amount of collateral source benefits, paid or payable, available to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is subject to, and limited by, the Federal Torts Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of the occurrence giving rise to this lawsuit and is barred from recovery against the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Lack of subject matter jurisdiction under FRCP Rule 12(b)(1), 42 U.S.C. § 233(g), and 28 U.S.C. §§ 1346(b) and 2671 et seq.

## NINTH AFFIRMATIVE DEFENSE

Income taxes must be deducted from all alleged past and future lost earnings, if any.

## TENTH AFFIRMATIVE DEFENSE

The Federal Tort Claims Act prohibits punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Federal Tort Claims Act does not permit a jury trial against the United States of America.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest against the United States of America.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injury, damages and/or loss alleged to have been incurred by Plaintiff was or may have been occasioned by Plaintiff's comparative negligence and if so, Plaintiff's damages shall be reduced by said percentage of fault.

## FOURTEENTH AFFIRMATIVE DEFENSE

The United States reserves the right to amend its Answer with additional defenses of which it may become aware as discovery

progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, The United States prays that a judgment of reasonable costs be rendered for the suit and for such other, and further relief as this Court may deem just.

DATED: August 24, 2012, at Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


        /s/ Harry Yee
By _____
   HARRY YEE
   Assistant U. S. Attorney

Attorneys for Defendants
UNITED STATES OF AMERICA, TRIPLER
ARMY MEDICAL CENTER, CHRISTOPHER KLEM,
M.D., and JARED MCKEAN THELER, M.D.,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 24, 2012, and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

CHRISTOPHER A. DIAS, ESQ.     chrisdias@hawaii.rr.com

Attorney for Plaintiff
SANAM ELYASSI

DATED: August 24, 2012, at Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


        /s/ Harry Yee
By _____
   HARRY YEE
   Assistant U. S. Attorney

Attorneys for Defendants
UNITED STATES OF AMERICA, TRIPLER
ARMY MEDICAL CENTER, CHRISTOPHER KLEM,
M.D., and JARED MCKEAN THELER, M.D.,